JOSEPH L. CARPENTER, JR., *vs.* THOMAS S. WEBB.

*Case Stated— Will—Power to Sell Lands ; Execution of.*

By his last will and testament A. directed that his executor B. should sell certain of his real estate and execute a deed conveying in fee simple said real estate to the purchaser thereof. The executor executed a deed of conveyance, referring therein to the power contained in the will, and to the land described in the will as being the same as that conveyed by the deed ; but nowhere did the deed state that the estate conveyed was the interest of A., the testator. *Held*, that there was enough on the face of the deed to show an execution of the power, and that the deed conveyed to the grantee therein the fee simple title to the lands. described in the will.

(*February 17, 1902.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*J. Harvey Whiteman* for plaintiff.

*Francis H. Hoffecker* for defendant.

Superior Court, New Castle County, February Term, 1902.

AMICABLE ACTION, CASE (No. 130, February Term, 1902).

Case stated filed showing, *inter alia*, the following facts :

By the will of Emmor Pierson, it was ordered and directed that certain real estate therein described should be sold by his executor therein named at such times and on such terms and conditions as he should think best for the interest of the testator's estate, and the testator authorized and empowered his executor to deed and convey the real estate therein mentioned in fee simple to the purchaser or purchasers as fully and as effectually as he himself could do in his lifetime, and directed that the proceeds of the sale of such lands should constitute and be considered a part of the residue of his estate. He then gave, devised and bequeathed to his brother, Amos Pierson, all of the residue of his estate and named his said brother, Amos Pierson, as the sole executor of his last will and testament.

The said Amos Pierson on the seventh day of March, A. D., 1866, together with the widow of tha said Emmor Pierson, executed a deed of conveyance of the lands which the testator directed to be sold; the widow of the said Emmor Pierson joining therein to release her right of dower. This deed recited Amos Pierson as the executor of the last will and testament of his brother, Emmor Pierson, and following the descriptions of the lands therein conveyed is the following, to wit:

" And the said Emmor Pierson so siezed thereof of the aforesaid premises in his lifetime made and published his last will in writing, wherein and whereby (among other things) he directed his executor to sell that part of his real estate which is described in said will (being the same as now conveyed to the said Joseph Wright) and appointed his brother, Amos Pierson, (party hereto) as sole executor thereof; the said will bearing date the twelfth day of December, A. D., 1864, being duly proven and remaining in the Register's office in New Castle County afrresaid." The said will was proved October 6, 1864.

In all other respects the deed was in the usual form that was used for the conveyance of the grantor's individual estate in the

land therein conveyed. It was agreed that the executor took under the will no individual interest in the real estate.

*Francis H. Hoffecker, for defendant :*—I object to the sufficiency of the deed as an execution of the power of sale, because it does not expressly state that the estate conveyed was the " interest of Emmor Pierson at and immediately before the time of his decease;" the power given in the will by the testator to his brother was a simple naked power and the latter in conveying under the will should have conveyed all the right, title and interest of the testator at and immediately before his decease; no interest passed to the executor thereunder.

*Estate of Moses Journey, 7 Del. Chancery, 1.*

*J. Harvey Whiteman for plaintiff :*—By the will of Emmor Pierson, Amos Pierson had no interest in the real estate in question in his own right. He was the devisee of a power to sell specific lands and undertook to execute that power when he sealed and delivered the deed in question. The land therein mentioned is the precise land he was directed to sell. He recites himself as the Executor of Emmor Pierson " in the premises of the said deed," and following the description of the land, refers to his power under the will of Emmor Pierson to sell said lands. This reference to the power is of itself sufficient to convey the estate of the testator in the lands therein described.

*Terry vs. Rodahan, 79 Ga., 278.*

But the power may be executed without reciting it, provided that the act shows that the devisee had in view the subject of the power.

*4 Kent Com., 335 ; 1 Sugdon on Powers, 356 ; Drusadow vs. Wilde, 63 Pa. St., 170.*

The intention to execute a power will sufficiently appear (1) when there is some reference to the power in the instrument of execution ; (2) where there is a reference to the property which is the subject matter on which execution of the power is to operate ;

and (3) where the instrument of execution would have no operation, but would be utterly insensible and absurd if it was not the execution of a power.

Terry vs. Rodahan, et al., 79 Ga., 278; Hamilton vs. Crosby, 32 Conn., 342; Bingham's Appeal, 64 Pa. St., 345; Drusadow vs. Wilde, 63 Pa. St., 170; Keefer vs. Schwartz, 47 Pa. St., 503; Allison vs. Kuntz, 2 Watts, 185; White vs. Hicks, 43 Barb., 64.

As the deed of Amos Pierson meets all the tests by which the execution of a power is determined it is respectfully submitted that judgment be given for the plaintiff according to the terms of the agreement between the plaintiff and defendant.

LORE, C. J.:—We think there is enough on the face of the deed, which is made a part of the case stated, to show that this party was attempting, however informally it may have been, to execute a power. He had, it is conceded, no interest, in his own right in the lands, but had a right to convey under that power; and while the power is very awkwardly and inartistically expressed, we think it is sufficient.

### ORDER OF COURT.

And now to wit, this seventeenth day of February, A. D., 1902, the within and foregoing case stated having come on to be heard, and having been argued by counsel for both parties at the bar of the court, and the court having maturely considered the same, it is hereby ordered, adjudged and decreed by the court (the said court being of the opinion that the deed of Amos Pierson and Susan H. Pierson, said deed bearing date the seventh day of March, A. D., 1866, and recorded in the office for recording deeds in and for New Castle County, State of Delaware, in Deed Record D., Vol. 8, Page 421, etc., conveyed the fee simple title of said lands to Joseph Wright, the grantee named therein) that judgment be entered for the plaintiff against the defendant for six cents, besides costs of suit.

Judgment for plaintiff for six cents.